Case number 19-1420 Kenyus Spratt v. FCA US LLC Oral argument, 15 minutes per side Mr. Swanson for the appellant Good morning May it please the court, my name is Dan Swanson and I am here today representing the plaintiff appellant Kenyus Spratt, an African American man in this race discrimination employment case I request permission to reserve 2 minutes of my time for rebuttal The sole issue before the court is whether the district court erred in finding that Mr. Spratt failed to present sufficient evidence to establish that defendant FCA's reason for terminating him was pretext On behalf of Mr. Spratt, I request that this court reverse the trial court's entry of summary judgment and find that he did present sufficient evidence demonstrating pretext regarding FCA's reason for terminating him I want to briefly just touch upon some of the more salient facts Kenyus Spratt is a decorated veteran having served 7 years in the U.S. Marines and 13 years in the U.S. Army retiring in 2001 as a captain Kenyus Spratt was employed by FCA for just short of 20 years During his 20 year, almost 20 year, tenure with FCA he had a very successful career He had an unblemished work record He received good performance evaluations, salary increases, bonuses, and promotions He had never been subject to any discipline prior to his termination At the time of his firing, he was working as a senior construction buyer and had been in that job for 3 years FCA placed him in that position as a senior construction buyer after finding that his predecessor, Mr. Patrick Bergen, a white man committed numerous violations of his policies and procedures in performing his job FCA removed Mr. Bergen from his position and directed him to find a new job, which turned out to be a promotion The relevant legal standards for determining whether summary judgment in a race discrimination case is appropriate are two One, in considering summary judgment motions, the court must consider the evidence in the light most favorable to the non-moving parties drawing all justifiable inferences in their favor Two, the ultimate question that the court must address is whether the evidence presents a sufficient legal factual disagreement to require submission of the case to the jury or whether the evidence is so one-sided that the moving parties should prevail as a matter of law In this case, the trial court misapplied those standards in dismissing the race discrimination claim I next will address the district court's March 25, 2019 opinion granting summary judgment First, the trial court found that Mr. Spratt established a prima facie case of discrimination Second, FCA then had the burden to demonstrate a legitimate non-discriminatory reason for Mr. Spratt's discharge FCA asserted Spratt was terminated because he falsified a contractor bid At that point, third, the burden shifts to Mr. Spratt to show that FCA's reason for termination was pretext Spratt established pretext showing evidence One, that the stated reason didn't actually motivate FCA Two, that the stated reason was insufficient to warrant the adverse employment action Spratt argued that FCA's reason for firing him was pretext because he and Mr. Bergen, his predecessor, his senior construction buyer were similarly situated and yet, FCA fires Mr. Spratt and retains and promotes Mr. Bergen How can you say they're similarly situated in that it looks like that Bergen didn't violate as many conflict of interest standards potentially as Mr. Spratt was accused of violating That is incorrect, Judge In this case, there were two investigative reports One of Mr. Bergen, one of Mr. Spratt The investigators in connection with Mr. Bergen found there were three, five allegations against him One of which that he took kickbacks I agree with the district court that the investigators found insufficient evidence but there were four other allegations that they found had merit and those allegations were critically important One, that Mr. Spratt had sent to his personal emails 131 emails containing Chrysler confidential and proprietary information regarding purchasing and specific vendors Two, that Mr. Bergen admitted to forwarding confidential FCA information to the vendor who was involved in the whole kickback scheme and he did so without any excuse Number three, Patrick Bergen admitted to selling two personally owned vehicles to employees of Chrysler vendors Number four, he was found to have failed to comply with purchasing policies and procedures Specifically, his files were incomplete, had missing documentation and unsupported information And finally, the report quotes from a recorded telephone conversation between Mr. Bergen and a vendor who was involved in the alleged kickback scheme where he told the vendor to destroy evidence in the course of that call regarding possible kickbacks Secondly, there was a second report regarding Mr. Bergen and that was the closing report that the investigators did and they said in that report, quote During the course of the investigation, other policy violations were identified, close quote Also in that report, they said conclusions closed with merit, referring to the investigation Finally, there's a piece of evidence and that's an email from Mr. Bergen to the investigators which he admits and acknowledges that he demonstrated poor judgment on multiple fronts and that he committed transgressions of corporate policies One final point, the policies that Mr. Bergen violated and the policies which Mr. Spratt allegedly violated were the same policies, code of conduct and policies related to the whole purchasing function But there was no falsification of any contractor bid that Mr. Bergen was accused of That is correct There was the finding, the tape recording that he directed someone to destroy evidence There was a finding that he had files that were incomplete so you could not build a case one way or the other on There were also findings that he took Chrysler Confidential and Proprietary Information both for himself and shared it with vendors And there was a finding by the trial court in its opinion on page 13 that had the court found kickbacks, those allegations would have been on par and made them similarly situated The court said that in its opinion But they didn't find conclusive proof On that one out of the five claims against Mr. Bergen, that is a correct statement Now the trial court, when you read its opinion it was just wrong to the extent that it totally ignored Nowhere will you find in that opinion reference to any of these other claims and allegations that its own FCA's investigators found had merit against Mr. Bergen That is completely absent from the trial court's opinion What did FCA, when they just fired Mr. Spratt didn't give him an opportunity to look for another position within the company, is that correct? That is absolutely correct It fired him on April 18th, 2017 without giving him any opportunity to find another position In contrast, Mr. Bergen, same decision maker now Vice President of FCA purchasing Mr. Wilton both for Mr. Bergen and Mr. Spratt Mr. Wilton determined that with Mr. Bergen he took him out of the position because he found that there was credibility to the findings of the investigators and testified, he then directed him to go out and try and find another job within the company Contrast with Mr. Spratt He was immediately fired on April 18th So Bergen was never fired Not only was he never fired, he got a job at the Trenton Engine plant FCA plant and he received a promotion He got a higher pay level, earning $1,000 more a month immediately after he was removed from the purchasing position I think that's significant And the sad part here is, and the reversible issue that I think is most important is the trial court, in doing its analysis of similarly situated based his whole reasoning on one point that he could find, he found that with respect to the issue of Mr. Bergen's alleged kickbacks that there was no evidence to substantiate it, inconclusive evidence But the trial court ignored the four findings, the violations of the other Chrysler policies and procedures by Mr. Bergen It ignored the closing document of the investigators finding merit to those allegations And it ignored the email from Mr. Bergen to the FCA investigators admitting transgressions, admitting poor judgment At the same time the trial court says, oh well Mr. Spratt admitted wrongdoing Well so did Mr. Bergen, but the trial court ignores all of the evidence indicating that Mr. Bergen committed wrongdoing and yet he is promoted Is there any evidence of the committee that Mr. Spratt was working with, the facilities group? The facilities group, yes Is there any evidence the facilities group had any involvement in his firing? The, per se, no The firing decision was made by Mr. Wilton, the vice president of purchasing The facilities group did not report to Mr. Wilton So to that extent there is not evidence in that regard Now, I think there's two critical court decisions that this court should look to in considering Mr. Spratt's case The one decision, it was a very recent decision Redline v. Grosse Point Public Schools decided April 16, 2019 Judge Clay wrote the opinion on behalf of an unanimous court Of course, in Redline the two people had identical positions I think they were both assistant principals Yes, your honor And in this case we had two people with identical positions Senior construction buyers within the purchasing department Mr. Spratt was a successor to Mr. Bergen in that position when the vice president of purchasing, Wilton, removed Spratt from that job because of the findings of transgressions and violations of Chrysler policies Now, in Redline I think the two people were acting in the same or similar positions for a while But in this case one person seceded into the position But it's not that they were both, you know, initially situated in the position They were not simultaneously in the position I will acknowledge that But what is clear is that Mr. Spratt was a direct successor in the exact same job Same job description, no issue of that whatsoever Same reporting structure, same department, same duties And in Redline the key point that you make in your opinion, your honor When you reverse the district court in finding that those two assistant principals were not similarly situated Is that, quote, the plaintiff need not demonstrate an exact correlation with the employee receiving more favorable treatment In order for the two to be considered similarly situated That's a quote from that case There's another case that I think is critically important in deciding this matter That's Howley v. Federal Express 682 Fed Appendix 439, 2017 It's not cited in any of the briefs Judge Clay, you wrote that majority decision Judge Merritt, you had joined in that decision The court reversed Judge Goldsmith, our trial judge In an age discrimination case in employment involving the issue of similarly situated In that case, you had a 21-year employee of Federal Express, a supervisor Who is 57 years old It was an age discrimination employment case He had no prior discipline until the final year of his employment When he's written up three times for what is described in the opinion as minor policy violations And then he's discharged The plaintiff in that case claimed younger employees similarly situated None of them were even disciplined for any one of the items he was written up for The court overturned the summary judgment decision in that case And found that, quote, we make clear that this does not mean That plaintiff must demonstrate an exact correlation In order to demonstrate similarly situated And so that case I think is very critical as well There's a second point that I briefly want to touch upon And that is, Mr. Spratt disputed that that was the real motivation for his termination To the extent that he laid out a series of arguments Indicating that he acted in good faith in modifying the bid numbers Because he believed that there was inappropriate conduct Or corruption within the purchasing group And we discussed that in our brief Specifically he did that because in violation of Chrysler policies The purchasing group got copies of the bids While the bidding process was going on That the purchasing group, and my time is up Also had, from the outset, wanted one particular bidder to win Without any bidding in violation of Chrysler policy And so those are some of the reasons What about the fact that he denied he had made the changes to the bids When the company came to him and asked him about it? Your Honor, I believe that the interview that took place in April 2017 By the investigators took about a two hour session It was done approximately two months after this whole process The contract had been let And Mr. Spratt, during the course of that two hour session When they first brought it up to him He disputed, questioned as to what exactly they were talking about Didn't recall it all, had no notes This was an impromptu meeting By the end of the meeting he acknowledged That yes, on this interim bid sheet That no one saw except purchasing and him Which was not the final bid sheet used to decide who was going to get the contract He had modified some of the numbers with respect to two of the bidders So he did acknowledge that So in the course of the same interview he Yes He wound up admitting it He did, absolutely Thank you Good morning Good morning May it please the court I'm Debra Brower, attorney for FCA U.S. The appellee in this case And this appeal does have a very narrow issue It's not only narrow to the question of pretext But it's a particular aspect of pretext Which is whether or not the applicant The comparator that Mr. Spratt has identified Is actually similarly situated to Mr. Spratt himself In this case, Kenya Spratt was terminated by FCA When he admitted to intentionally, deliberately Falsifying information on bidding documents That he gave to his employer In fact, he changed the low bid to the high bid He added $270,000 on a $2 million contract To a different bidder He admitted to that And that, among other admitted conflicts of interest That he admitted to Were the basis for his termination His comparator was accused of wrongdoing That was somewhat similar Kickbacks But it's not what you're accused of That determines whether you're similarly situated It's whether It's with the misconduct that you actually committed Of course, Mr. Bergen had more instances Of misconduct alleged against him There were just more things That he was claimed to have done That constituted misconduct Granted, they were different things But they were serious in nature And seemingly more numerous than the plaintiff Well, that is a point that I wish to address The number of items Mr. Spratt's counsel I think identified four or five On Mr. Bergen's side Which admittedly, some were numerous Keeping poor records Having his office messy Those types of errors But in Mr. Spratt's brief to this court In his reply brief, particularly He tries to argue that he was only terminated For a single reason And the evidence just simply doesn't show that He was terminated for multiple violations Of the code of conduct Which is... So what did the company state That he was being terminated for? In his termination letter It stated that he was terminated for This is Exhibit D To FCA's motion for summary judgment Which is the termination letter It refers not only to his intentional falsification Of the bidding documents But also conflicts of interest And conduct contrary to FCA's policies It specifically refers to the findings Of the investigative report And the investigative report Investigated three different claims The falsification Which, as you pointed out, Judge Clay Mr. Spratt initially denied Saying, oh, I just cut and paste those numbers They're the same There's no reason that they would be any different Until shown them And then he had to admit That they were different And that he was the only one Who could have changed them So that's what the investigation report found It also investigated the fact That he had a non-disclosed Personal relationship With one of the high officials At one of the companies Who had bid for this project Right now, I'm just asking What did the company say Were the reasons he was being terminated? And that was Well, the company's termination letter Said he was terminated For the falsification And other violations of the code of conduct And it That was the entire reason given And it The same letter incorporated The investigative report Said It included As found by the investigators And the investigators had found These other violations also Did it say those reasons As found by the investigative report Or did it say that The company was terminating him For all of the reasons Set out in the investigative report I've asked about half a dozen questions And I still don't have a succinct answer As to what the company said Was his reasons for terminating This is the letter The company has concluded A thorough investigation Into allegations That you intentionally falsified Vendor bid information And engaged in conduct That appeared to constitute A conflict of interest with FCA Based upon the information Obtained during the investigation Which included interviews with you and others As well as your admission to Among other things Altering line items and vendor bids It has been determined That you've engaged in conduct That is contrary to applicable company policies Practices and procedures Based upon the results of this investigation The company has decided in good faith To sever its at will Employment relationship with you today So the company's termination letter As well as Deposition testimony From the decision makers Rely not merely On the egregious Falsification of company documents But these other conflicts of interest The undisclosed relationship With a vendor And then having an outside business Which Mr. Spratt Acknowledged during the investigation Could cause an appearance Of a conflict of interest Because he was holding himself out As a real estate developer So there were not a single reason There are multiple reasons As I think is evident In that termination letter And it is important Because it behooves Mr. Spratt To minimize his misconduct And exaggerate Or pump up Mr. Bergen's Alleged misconduct It's critically important To understand that The investigators that FCA did not Were not able to conclusively Determine that Mr. Bergen Had engaged in the most serious Of those allegations And this court In a number of recent decisions Seems to be a theme In the court of appeals these days Whether conduct is similar Misconduct is similar This court has recognized That you can look at Whether somebody admits Misconduct to differentiate Between how you treat Different employees The record as to who was involved In the termination In the termination decision Mr. Wilton Who is the supervisor Of the contract bidding area Along with the vice president of HR Who was responsible for that unit They together talked Reviewed the investigative report Reviewed the code of conduct And they together collectively Made that decision Were these the same individuals Involved in the firing of Mr. Bergen? Mr. Wilton was Because he was head of this department At the same time I believe there was a different HR person But I'm I believe there was a different HR person And facilities I believe that was your question prior Judge Butch Had nothing to do with this decision It's a different department Different HR person There's no record evidence That they had any control Over this decision Is there anything in the record Other than the fact that Mr. Spratt is African American That would indicate Any kind of racial discrimination? No The only difference is that Mr. Spratt is African American And Mr. Bergen is Caucasian That's the sole evidence And that may be sufficient At a prima facie evidence stage But in order to Not only disbelieve FCA's decision Reason for firing Mr. Spratt There really needs to be Something additional To show that the real reason Was discrimination And that's the sole The differing races Of these employees Are the sole evidence Provided there I did want to Address Some of the points That came up during Mr. Spratt's counsel's argument Specific to the cases he cited Redland versus Grosse Pointe Public Schools Those individuals Did have the same job They reported to the same supervisor They were similarly situated I would absolutely agree They engaged in exactly The same misconduct And one person was Terminated or disciplined Actually I don't think anyone was The other person was not It was exactly the same misconduct They both had failed to Tell higher ups About some rumors of an affair Between the high school principal And a parent That's what differs Redland from this case That the individuals engaged In that case In the same misconduct And they did not in this case Hawley A reversal of Judge Goldsmith Doesn't mean that necessarily He's wrong in every case This court noted in Hawley And again I think Hawley Was correctly decided The Not the allegations The reason why Mr. Hawley Was disciplined and eventually Terminated were incredibly minor There was evidence that Nobody else had ever been Terminated or disciplined For those minor violations It was so outside the norm As one of this court's decisions Talked about So idiosyncratic That it caused This court And probably would cause A jury to determine That it was by itself Unreasonable I don't think we have that here This is not an idiosyncratic decision This is an employee Who falsifies bid documents This is his job To process these bid documents And select a good bidder He falsifies the bid documents And then lies about it And eventually admits it Thus proving Giving the proof Confirmation to his employer Of his misconduct And the fact that he had Good reasons to do it Doesn't excuse that misconduct He thought he had good reasons But he didn't tell anyone About those reasons He didn't report his suspicions To anyone In fact he admitted He didn't even have evidence Of his suspicions Instead he took it upon himself To falsify documents He claimed he was ferreting out wrongdoing Pardon? He claimed he was ferreting out wrongdoing He did indeed claim That he was ferreting out wrongdoing And he chose to do that By falsifying bid documents By lying He didn't report it to anybody And as I said He admitted that he He didn't really have any evidence At that time That there was wrongdoing He just had a suspicion So he took it upon himself He chose a course of action And he suffered the consequences of that That's not a decision That is so idiosyncratic So unbelievable That it on its face Suggests that it's pretextual Let me ask you The plaintiff here He was terminated I guess for misconduct Does that mean He was not permitted to retire Or his pension rights went away And all that sort of thing? I believe that that is accurate That it was a termination It wasn't a resignation And just to address A prior question And some information That was stated about Mr. Bergen Mr. Bergen was removed from his position A desirable position Within this contracts department He was not directed There's no record evidence Saying that he was directed To find another job within the company He was allowed To try to find another position So if there's a position You can have it That's the record evidence As to Mr. Bergen's position And it's true Mr. Spratt was not offered That option FCA determined Using its business judgment That he had engaged In more serious misconduct Than that had ever been found Against Mr. Bergen That's the difference between the two They're not similarly situated Mr. Spratt's termination Is not pretextual Thank you Any more rebuttal? Yes, Your Honor A couple of points The first issue that Council raised was Was Mr. Spratt terminated For a number of factors And in the record In response to the summary judgment motion Exhibit L We included an email From Human Resources That was involved in the termination Ms. Antofsky And in this email Dated April 18, 2017 She states to others in Human Resources We have notified the employee today Of termination due to violating Standards of conduct number one At her deposition Which is attached to the response For summary judgment I asked her What did conduct standard number one mean? And she testifies And in the question In the email you referenced Terminated that Spratt was being terminated Due to violating standards of conduct number one Yes, correct There's no other references in there Correct, she says No, not in my email So the reason was terminated You wrote here Due to violating standards of conduct number one Yeah, like I say That was the primary reason And standards of conduct number one Deals with providing false information That's the only thing she cited In her deposition testimony In exhibit 11 Secondly Counsel races the Redline case And similarly situated In that case The court found that The male comparator Had engaged in even worse conduct Than allegedly the plaintiff Because the court found That the male comparator Had violated direct orders Not to disclose confidential information To staff And the male comparator Was not disciplined at all The female underwent a number of Adverse employment actions Counsel also argues That there are other decisions That this court has rendered That are dissimilar to Essentially what we're arguing All of those That she cited in her brief Are unpublished Totally dissimilar From the situation in this case And I think should be put Into that Considered accordingly And finally With respect to Evidence of the facilities group Being corrupt And my time is up Again we stated in our brief In the last section of the brief Any other questions? You can finish your sentence If you want to do that Yes Thank you your honor My sense is simply this My final thought is The facilities group As it turned out In a violation of Chrysler policies Had obtained Bids from the bidders In violation of policies And the facilities group Had tried With respect to Barton Malow Their favorite company To from the outset Have them get the contract Without bid And when the bidding was over Barton Malow was not the low bidder And facilities prevailed In getting Barton Malow The contract nevertheless Mr. Spratt's belief Of inappropriate relationship Perhaps corruption Was verified By way of those facts Thank you Thank you very much And the case is submitted There being no further cases for argument Court may be adjourned